UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SANDRA BROWN,

                        Plaintiff,                            ORDER

      -against-                                          CV 12-1488 (JS) (ETB)

NORTHROP GRUMMAN CORPORATION,

                        Defendant.
----------------------------------------------------------------------X

      Before the Court is the plaintiff's motion to compel the production of certain handwritten notes taken by Thomas Cunningham ("Cunningham"), a representative of defendant Northrop Grumman Corporation ("Northrop Grumman"), during the plaintiff's deposition on March 21, 2013. Defendant seeks to withhold the production of the handwritten notes on the grounds that they are attorney work product. For the following reasons, plaintiff's motion to compel is denied.

      The attorney work-product doctrine, reflected in Federal Rule of Civil Procedure 26(b)(3), "offers qualified immunity from discovery for documents 'prepared in anticipation of litigation or for trial.'" In re Kidder Peabody Sec. Litig., 168 F.R.D. 459, 462 (S.D.N.Y. 1996) (quoting Bowne v. Ambase Corp., 150 F.R.D. 465, 471 (S.D.N.Y. 1993)). This doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)). The party asserting the protection of the work-product privilege bears the burden of establishing that such protection is warranted. See Kingsway Fin. Servs., Inc. v.

Pricewaterhouse-Coopers LLP, No. 03 Civ. 5560, 2008 U.S. Dist. LEXIS 77018, at *29 (S.D.N.Y. Oct. 2, 2008); In re Kidder Peabody, 168 F.R.D. at 462.

"[T]hree conditions must be met in order to earn work product protection. The material must (1) be a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representatives." Kingsway, 2008 U.S. Dist. LEXIS 77018, at *29 (citing cases) (alteration in original). With respect to the second element of the test, the Second Circuit has explained that the appropriate inquiry is whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Adlman, 134 F.3d at 1202 (quotation omitted). Accordingly, the "threshold issue" when determining whether the work-product doctrine is applicable in a given case requires an inquiry into "the primary motivational purpose behind the creation of the document." Kingsway, 2008 U.S. Dist. LEXIS 77018, at *31 (citing cases)

Pursuant to Rule 26(b)(3), even documents that are protected by the work-product doctrine may be discoverable where the "discovering party demonstrates a sufficiently pressing need for the data." In re Kidder Peabody, 168 F.R.D. at 462 (quotation omitted). To satisfy this standard, the discovering party must establish that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A); see also Adlman, 134 F.3d at 1197; In re Kidder Peabody, 168 F.R.D. at 462.

Even where this burden has been satisfied, however, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney

or other representative concerning the litigation," Fed. R. Civ. P. 26(b)(3)(B), commonly referred to as "opinion work product." Adlman, 134 F.3d at 1197. "Special treatment for opinion work product is justified because, 'at its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" Id. at 1197 (quoting United States v. Nobles, 422 U.S. 225, 238 (1975)).

Here, Northrop Grumman asserts that Cunningham's handwritten notes should be deemed attorney work product because they were taken at counsel's request to assist counsel with the technical aspects of plaintiff's deposition. (Kaufman Aff. ¶ 2.) Plaintiff asserts that Cunningham's notes are not entitled to work product protection because Cunningham testified at his deposition that he took the notes of his own volition. (Cunningham Dep. 7, annexed to Zabell Decl. at Ex. A.) Plaintiff further asserts that even if Cunningham's notes are determined to be work product, plaintiff has demonstrated a substantial need for the notes, entitling her to production. The Court agrees with defendant and finds Cunningham's notes to be attorney work product that are privileged from disclosure.

Cunningham attended plaintiff's deposition on March 21, 2013 and April 3, 2013 as a representative of defendant Northrop Grumman pursuant to Rule 30.3 of the Local Civil Rules, which provides that "[a] witness or potential witness in the action may attend the deposition of a party or witness unless otherwise ordered by the Court." (Kaufman Aff. ¶ 2; Loc. Civ. R. 30.3.) Plaintiff was employed as a software engineer in the Aerospace sector for Northrop Grumman and it was anticipated that there would be testimony at her deposition concerning technical issues about which Cunningham could provide assistance and expertise to counsel. (Kaufman Aff. ¶ 3.) Despite plaintiff's objection to Cunningham's presence at her deposition, Judge Seybert - the

district judge assigned to this action - ruled that Cunningham should be permitted to attend plaintiff's deposition, in part due to the assistance he would provide to defendant's counsel. (Kaufman Aff. ¶ 4.)

When questioned at his deposition about the notes he took during plaintiff's deposition, Cunningham testified that he took notes "[t]o support counsel in anything [he] thought was discrepancy or just for timeline purposes." (Cunningham Dep. 7.) Cunningham further testified that he took the notes "[a]fter discussing with counsel," for the purposes of "shar[ing] with counsel" and "being able to discuss with counsel during breaks" in plaintiff's deposition. (Cunningham Dep. 13.)

While plaintiff points to Cunningham's deposition testimony wherein he did indeed confirm that he took the notes of his own volition, (id.), plaintiff omits the prior question asked by her counsel that places Cunningham's answer in context. The prior question was as follows: "Did anyone tell you that you must take notes?" (Id.) Cunningham answered "[n]o" in response to the question. (Id.) Counsel for plaintiff then asked, "[y]ou took them on [sic] your own volition?" and Cunningham replied "[y]es." (Id.). While it does not appear that Cunningham was ordered to take notes, it is not as apparent as plaintiff asserts that Cunningham chose to take notes all on his own without any instruction from counsel. Indeed, defendant's counsel's affidavit, sworn to as an officer of the court, confirms that she asked Cunningham to take notes during plaintiff's deposition to assist her in her trial preparation and questioning of the witness.[1] (Kaufman Aff. ¶ 2.)

---

[1] Moreover, when asked again later in his deposition if he took the notes "upon [his] own volition," Cunningham changed his answer to "[n]o." (Cunningham Dep. 13.)

Based on the foregoing, the Court finds that Cunningham's handwritten notes taken during plaintiff's deposition are attorney work product and are therefore privileged from disclosure.

Plaintiff further asserts that even if the notes are deemed to be work product, she has demonstrated a substantial need for them. In support of this argument, plaintiff asserts that when questioned about perceived inaccuracies in plaintiff's deposition testimony, Cunningham had difficulty recalling what, if any, statements made by plaintiff were inaccurate and testified that he believed it was necessary for him to review his notes in order to accurately testify. (Pl. Mem. of Law 4.) However, a review of the transcript provided of Cunningham's deposition demonstrates that Cunningham testified very clearly as to several pieces of plaintiff's deposition testimony that he found to be untruthful. (Cunningham Dep. 5.) It was only after identifying three specific statements made by plaintiff that Cunningham deemed inaccurate that he stated he could not recall anything further without consulting his notes. (Id. 5-6.) The Court finds such testimony inadequate to support plaintiff's claim that she has demonstrated a substantial need for the production of Cunningham's notes. Moreover, the Court finds the notes taken by Cunningham to be opinion work product, since they contain his thoughts and impressions of plaintiff's deposition testimony. As stated supra, even where a party has demonstrated a substantial need for the documents at issue, courts must still shield from disclosure opinion work product.

Finally, plaintiff argues that defendant has waived the attorney work product privilege because it produced the handwritten notes taken by Cunningham on the second day of plaintiff's deposition - April 3, 2013. Accordingly, plaintiff asserts that defendant cannot now claim privilege with respect to those notes taken by Cunningham during the first day of plaintiff's

deposition on March 21, 2013.  (Pl. Mem. of Law 5-6.)  Counsel for defendant avers that, upon plaintiff's request, defendant produced those notes taken by Cunningham on April 3, 2013, due to the fact the notes "were only a factual recitation of plaintiff's testimony and therefore not similar to the notes taken on March 21[, 2013]."  (Kaufman Aff. ¶ 5.)  According to counsel for defendant, "[t]he April 3rd notes did not provide any analysis or reveal in any way trial strategy that may have been expressed to Mr. Cunningham . . . ."  (Kaufman Aff. ¶ 6.)  While Cunningham testified at his deposition that the notes he took on April 3, 2013 were "similar" to the notes he took on March 21, 2013, (Cunningham Dep. 11-12), he went on to distinguish the notes taken on March 21, 2013 as taken for the purpose "to share with counsel."  (Cunningham Dep. 13.)  Moreover, Cunningham testified that he did not review his notes taken from the first day of plaintiff's deposition prior to his deposition.  See id. at 12; see also Moore v. Kingsbrook Jewish Med. Ctr., Nos. 11-CV-3552, 11-CV-3624, 2012 U.S. Dist. LEXIS 45738, at *28 (E.D.N.Y. Mar. 30, 2012) ("[I]n order for a party to be deemed to have waived the protection afforded by Federal Rule of Civil Procedure 26(b)(3) or another privilege, there must be some evidence that the witness actually used the document to refresh his or her recollection, or that the document otherwise had an impact on his or her own testimony.") (citing cases).

      For the foregoing reasons, plaintiff's motion to compel the handwritten notes taken by Cunningham during the first day of the plaintiff's deposition on March 21, 2013 is denied in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York
July 22, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge